PIERCE, Chief Judge.
Appellant Fred McCloud, Jr. appeals to this Court from a judgment of conviction for the offense of rape.
On June 16, 1970, McCloud was indicted for the offense of rape. Upon plea of not guilty, he was tried before a jury from September 30 to October 2, 1970, and on the latter date he was convicted with recommendation of mercy. On the same date he was thereupon adjudged guilty of the crime of rape and sentenced to a term of imprisonment in the State Prison. A direct appeal from said judgment brings the case here for review.
The local Public Defender, as his duly appointed counsel on this appeal, has assigned only three errors, viz: (1) that the verdict is contrary to law, (2) that it is contrary to the evidence, and (3) that it is contrary to the law and the evidence. We take it that such general assignments raise at best only the sufficiency of the evidence to sustain the verdict of conviction. We have carefully read and considered in its entirety the full transcript of evidence certified to this Court as a part of the record here. We find it amply supports and sustains the verdict of the jury and the judgment of the Court.
During the nighttime appellant McCloud went into the home of a widow who lived alone in Mount Dora, took a pistol away from her and proceeded to commit the offense of rape upon her person, all the while warning her to “keep quiet and there wouldn’t anything happen”. At the trial McCloud took the witness stand and acknowledged he had committed the offense charged. He stated that on the night in question, April 10th-llth, 1970, he had been to a beer joint drinking wine and also a “type of narcotic” for about three hours; that when he left there he went to a local *782 packing company where he first tried unsuccessfully to break in the building; that he did steal a truck there and went riding around town for a while, after which he took the truck back to the plant; that he then tried to break in a 7-Eleven Store and also a Service Station, but was unsuccessful in both places; that he then went into the house where the widow lady lived by unlocking the front door; and that he got in bed and had intercourse with her. He admitted he knew it was “a bad crime” and that since he had been in prison he had “started reading the Bible and praying”.
Such in-Court confession was obviously sufficient to sustain the verdict. Indeed, the defendant was fortunate in getting the recommendation for mercy from the jury. The case should never have been appealed, especially where the cost must be borne by the County.
Affirmed.
LILES and MANN, JJ., concur.